UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 9:26-cv-00832

**Victor Aviles-Arenas,**
*Petitioner,*
v.
**Alexander Sanchez et al.,**
*Respondents.*

# ORDER

Petitioner Victor Aviles-Arenas is a Mexican citizen who entered the United States without inspection in May 1994. Doc. 1 at 6. He alleges that he was arrested without a warrant on or about April 22, 2026, and that he has since been detained by Immigration and Customs Enforcement without bond. *Id.* at 7. Now before the court is petitioner's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, an individualized bond hearing. Doc. 1 at 20. For the reasons below, the court denies the petition.[1]

To the extent petitioner argues that he is entitled to relief by statute, that argument is foreclosed by *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which held that 8 U.S.C. § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like petitioner for the duration of their removal proceedings. *Id.* at 508.

Petitioner attempts to evade this result by claiming that 8 U.S.C. § 1226 *could* apply here instead of § 1225(b)(2)(A), and that "the Court must ascertain which statute governs the Petitioner's

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Having carefully reviewed the petition, the court determines that an answer from respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (per curiam).

custody to determine whether habeas relief is merited." Doc. 1 at 15. But *Buenrostro-Mendez* specifically states that "aliens who fall under both provisions may not seek bond because of the mandatory detention required by § 1225(b)(2)(A)." *Buenrostro-Mendez*, 166 F.4th at 505 n.12. Petitioner's argument—that the court must choose which statute applies—is thus unavailing. *Buenrostro-Mendez* explicitly recognized that the two statutes might apply simultaneously, and that where they do, a petitioner could not seek bond because of the mandatory detention required by § 1225(b)(2)(A). *Id.* And petitioner is undeniably an alien "seeking admission" because he is "present in the United States without admission." *Id.* at 506.

To the extent petitioner seeks relief under the Fifth Amendment's Due Process Clause, that argument is foreclosed by the Fifth Circuit's decision in *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (rejecting both procedural and substantive due process claims). "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (5th Cir. Oct. 23, 2026) (quoting *Banyee v. Garland*, 115 F.4th 928, 933–34 (8th Cir. 2024)). Because there is a clear termination point for petitioner, removal or release, the court finds that his custody does not violate due process.

Finally, petitioner's argument, Doc. 1 at 16–17, that his warrantless arrest violates 8 U.S.C. § 1357(a)(2) fails. Although petitioner alleges that he was arrested without a warrant in violation of § 1357(a)(2), "an illegal arrest has no bearing on the legality of detention following that arrest." *Marcelino v. Tate*, No. CV H-26-4819, 2026 WL 2160560 at *1 (S.D. Tex. July 27, 2026); *see INS v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("[T]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding."); *see also Thuraissigiam*, 591 U.S. at 119 (recognizing that habeas corpus relief is "at its core a remedy for unlawful executive *detention*") (emphasis added).

Accordingly, the petition for writ of habeas corpus (Doc. 1) is denied. All pending motions are denied as moot.

*So ordered by the court on November 5, 2026.*

J. CAMPBELL BARKER
United States District Judge